**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BENJAMIN E. MEREDITH,**

**Defendant.**

**Case No. 3:10-cr-30218-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Early Termination of Supervised Release filed *pro se* by Defendant Benjamin Meredith (Doc. 41). Meredith seeks the early termination of his six-year term of supervised release after serving almost five years of the term. The United States Probation Office supports the request for early termination, but the Government does not.

18 U.S.C. § 3583(e)(1) provides that "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The 2025 Sentencing Guideline Amendments further encourage courts to weigh the defendant's "appropriate prosocial activities," his substantial compliance with supervision, and any risk that terminating

supervised release would pose to public safety. U.S.S.G. § 5D1.4(b).

Meredith asks the Court to terminate his supervised release because he hopes to relocate in order to be closer to members of his family, including his grandchildren and great-grandchildren (Doc. 41). Meredith—who the Court notes is 67 years old—states that he is a diabetic and suffers from prostate issues. *Id.* He claims he has had no violations of the terms of his release, which of course includes a lack of positive drug tests. (*Id.* at p. 2). He has maintained steady employment. (*Id.*). He has lived in the same apartment since he has been on supervised release, pays his bills on time, and is a regular at his health club in Marion, Illinois. (*Id.* at p. 3).

After consulting with the Probation Office, the Court has confirmed that Meredith has not incurred any violations of his supervised release terms. As a low-risk offender, he submits monthly report forms with employment verification. All of his drug tests have indeed been negative and thus Probation suspended regular drug testing in February 2024. Probation completes regular record checks to monitor for arrests and law enforcement contact, and nothing has shown up. Probation also monitors for indications of drug use via his compliance with completing and submitting monthly documentation, law enforcement contact, and calls from third parties. Meredith's only contact with law enforcement during his entire term of supervised release pertained to another individual's offensive conduct toward him, and he handled the situation appropriately. And, in 2026, the probation office spoke with Mr. Meredith via phone in March, June, and October.

The Government's opposition does a lackluster job of demonstrating valid

objections to Meredith's motion. Furthermore, the Government's assertion that Probation has had no contact with Meredith since February 2024 has no basis in fact.

After considering Meredith's motion and the § 3553(a) factors, the Court finds that termination of his supervised release is warranted by his conduct and in the interest of justice. Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Benjamin Meredith (Doc. 41) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

**DATED: November 20, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**